

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 3, 1964

Mr. Lynn Brown
Administrator
State Board of Plumbing Examiners
John H. Reagan Building
Austin, Texas

Opinion No. C-343

Re: Whether the State Board of
Plumbing Examiners has the
authority to adopt rules
establishing a procedure
for registration of plumb-
ers' apprentices, and re-
lated questions.

Dear Mr. Brown:

You have requested the opinion of this office as to
whether the State Board of Plumbing Examiners has the authority
to adopt rules establishing a procedure for the registration of
plumbers' apprentices, whether the Board has the authority to
require a minimum amount of plumbing experience before being
permitted to take the examination for a journeyman plumber's
license, and whether the Board is authorized to require both
registration of apprentices and a minimum period of experience
as a registered apprentice before being permitted to take the
journeyman plumber's examination. These three questions are
but variations on the same theme, and if the Board has the power
to do one, it has the power to do all. Therefore, these ques-
tions will be answered as if they were a whole.

Article 6243-101, Vernon's Civil Statutes, is the codi-
fication of the Plumbing License Law of 1947. Section 2(d) of
that Act contains the following definition:

"A 'Plumber's Apprentice' within the mean-
ing of this Act is any person other than a
master plumber or journeyman plumber who, as
his principal occupation, is engaged in learn-
ing and assisting in the installation of plumb-
ing."

Section 11 of the Act contains the following language:

-1627-

"Any person who has worked as a plumber's apprentice at the business, trade or calling of plumbing for such a length of time as the Board may prescribe in its rules and regulations, and who desires to take an examination to entitle him to a license as a journeyman plumber, may file his application and take the examination provided by the Board."

The above-quoted sections of the Plumbing License Law of 1947 make it clear beyond question that the Legislature recognized apprenticeship as the traditional means of gaining proficiency in a trade or profession. Section 11 also demonstrates the intention of the Legislature to give to the Board the authority to determine the optimum time period that an apprentice should remain in training. Even when the power to make rules and regulations is not expressly granted to an administrative board, Texas courts have consistently held that the board had the implied power to adopt rules and regulations necessary to accomplish the purposes of the statute. Gulf Land Co. vs. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Railroad Commission vs. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942); Texas Liquor Control Board vs. Super Saving Stamp Co., 303 S.W.2d 536 (Tex.Civ.App. 1937, error ref., n.r.e.). In our particular case, the Legislature has granted specific rule-making power to the State Board of Plumbing Examiners, and has delegated to this Board the duty of regulating the licensing of plumbers in this State, with the object of the protection and furtherance of public health and welfare (Sec. 18, Article 6243-101, V.C.S.). In the opinion of this office, the qualification of apprentice plumbers is a matter central to the basic function of the Board. Having been given an express grant of power by the Legislature, the Board may, in the exercise of its sound discretion, adopt reasonable time prerequisites for admission to the examination for licensing as a journeyman plumber, and adopt any necessary rules and regulations for the administration thereof.

It should be observed at this point that there is an apparent conflict in the Plumbing License Law of 1947, with regard to apprentice plumbers. The Act makes reference to them, as noted above, and then provides, in Section 14, that:

". . . no person, whether as a master plumber, employing plumber, journeyman plumber, or otherwise, shall engage in, work at, or conduct the business of plumbing in this state or serve as a plumbing inspector as herein defined, except as herein specifically exempted from the provisions of this Act, unless such person is the holder of a valid license as provided for by this Act. . . ."

Since an apprentice plumber is not licensed by the Act, and such an apprentice is not specifically exempted from the provisions of the Act, it has been contended that an apprentice is completely forbidden to embark upon learning the plumbing trade by performing the said trade in actual practice, even under the direct supervision of a licensed master or journeyman. Such an interpretation does not bear scrutiny. If this were true, then no person could commence to learn the trade by actual practice until he had a journeyman's license (and passing the examination for such a license would be nearly impossible without practical knowledge acquired in actual work situations). A prohibition against a working apprenticeship would defeat the principal purpose of the Act - - to guarantee competent plumbers - - and thereby largely frustrate the manifest intent of the Legislature. Finally, it would work grievous hardship and injustice on anyone seeking to enter the plumbing trade since experience, as a practical matter, is a prerequisite to licensing, but the path of experience would lead only to jail. Unless there is no alternative, a statute will not be interpreted so as to lead to a foolish or absurd result. McKinney vs. Blankenship, 154 Tex. 632, 282 S.W.2d 691 (1955).

A sound and reasonable construction of the Act, exempting plumbers' apprentices from the Act's penalties, is found in the language of Section 14. After prohibiting the unlicensed practice of plumbing, we find the phrase "unless such installation of plumb- or plumbing work be done under the supervision and control of a plumber licensed under this Act." (Emphasis supplied). It is the opinion of this office that such a provision operates to exclude apprentices from the penalties of the Act, since such an interpretation operates to give full effect to the manifest legislative intent.

One further contention against the control of apprentices has been made, and that is that a certain Illinois Supreme Court case forbids state participation in apprentice training on constitutional grounds. The case of People vs. Brown, 407 Ill. 565, 95 N.E.2d 888 (1950), held the plumbing license law of Illinois to be unconstitutional with regard to apprentices. The Illinois statute had set up an elaborate apprentice system where the apprentice had to work under a master plumber for a period of ten years, and then had to rely upon the master for a discretionary certification before the apprentice could qualify to take an examination for journeyman status. Such a system is clearly unconstitutional on many grounds, and has no relation to the Texas system. The Texas State Board of Plumbing Examiners operates under a legislative mandate to license a sufficient number of qualified plumbers, whereas the former Illinois system had as its primary effect the strict limitation of competition by making plumbing a very difficult trade to enter. So long as the Board is performing its assigned function in

licensing plumbers, the Brown case will have no application in this State.

## SUMMARY

The State Board of Plumbing Examiners has the authority, under Article 6243-101, V.C.S., to establish a minimum apprenticeship period for applicants for journeymen plumbers' licenses.

The Board also has the power to adopt any reasonably necessary rule or regulation for the purpose of administering such apprenticeship requirement.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Roy Johnson
V. F. Taylor
Paul Phy
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler